In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-044 CV


____________________



CATHRYN D. HARDY, RONALD W. EVERETT, DONALD MARTIN


SEMANDS, AND DORIS ANN SEMANDS, Appellants



V.



JESUS MARIA FLORES AND K & K CONSTRUCTION, INC., Appellees






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 98-11-04087-CV






OPINION


 This appeal concerns personal injury litigation arising from a motor vehicle
accident. Jesus Maria Flores, an employee of K & K Construction, Inc., turned left across
a highway at an uncontrolled intersection. Cathryn D. Hardy was the driver of the vehicle
in the left turn lane directly behind Flores. Ronald W. Everett was her passenger. Donald
Martin Semands, who was driving a vehicle in the opposite lane, swerved to avoid
colliding with Flores. Semands's vehicle struck Hardy's vehicle. Hardy and Everett
originally sued Semands, Flores, and K & K. Hardy and Everett settled with Semands
before trial. The trial court granted Semands's motion to realign the parties, and Semands
sued Flores and K & K. Doris Ann Semands filed a claim for loss of consortium. The
jury found Semands to be negligent and failed to find Flores and K & K to be negligent. 
Hardy and Everett raise five issues in their brief. The Semandses raise five issues in their
brief. 

 The Semandses' first issue contends:

 The trial court erred in allowing Intervenor Donald Martin Semands
to be [referred] to as a defendant after granting Intervenors' motion to
realign parties and thereby prejudiced Intervenors by the inference of fault,
settlement and insurance. 


 The Semandses' brief does not specify the page on which this error occurred and
where they preserved the complaint. The record pages referred in their discussion of the
issue are either bench conferences or questions in which the word "defendant" was not
used, with one exception. The trial court granted a pre-trial motion to realign the parties,
but reserved ruling on whether the jury could be informed that Hardy had sued Semands.
At the commencement of jury selection the trial court addressed the venire, stating in part:

 I'll tell you basically that what we have is a personal injury type of
case. It has to do with three vehicles out here on 105 West that were
involved in an accident. Two of the vehicles had a substantial collision, I
understand. I don't know all the facts. But the name of the case has to do -
- the way the clerk has it printed, it's printed Cathryn Hardy versus Donald
Semands. But that doesn't tell the whole story. 


 . . . . 


 This is Donald Semands, III. He was the third driver of an
automobile involved in the accident. His vehicle was involved in the
collision. He suffered alleged injuries. He is named as an Intervenor in the
case. At one time - - as I mentioned to you, the title of the case at one time
he was a Defendant in the case. He's no longer a Defendant. I ask you not
to consider that matter. However, you will be able to consider the alleged
negligence or fault involved on the part of any of these three drivers
involved in the accident. You'll have a full presentation of the case. He's
not listed now as a Defendant. He is listed as an Intervenor and against Mr.
Flores and K&K Construction, Inc. 


 No objection was made to the judge's comments. The Semandses' first issue is not
preserved for appellate review. See Tex. R. App. P. 33.1(a). 

 Hardy and Everett's first issue raises the same error as the Semandses' second issue:

 The trial court erred in taking judicial notice of Plaintiffs' Original
Petition and further harmed [the appellants] by reading only those portions
that were prejudicial to [the appellants.]


 Hardy and Everett originally sued Semands for negligence, in addition to Flores and
K & K. They non-suited Semands by filing an amended petition that dropped Semands as
a defendant. During a mid-trial bench hearing, the trial court took judicial notice of the
superseded pleading. The trial court then addressed the jury, as follows: 

 I'm sorry, ladies and gentlemen of the jury, for the extended bench
conference. We're sort of in a technical area, and I don't want to make a
mistake. I do want to take judicial notice of something that's part of the file
at this time, and in connection with the line of questioning we've been
experiencing here. And the judicial notice that I take is something the Court
is allowed to do about matters that are within his purview that may then be
presented to the jury as part of your evidence in the case. You don't have
to accept it, you don't have to believe it. You may give it such weight as
you think it's entitled to.


 But I take judicial notice that, in a previous pleading in a previous
petition in this case, not the present active pleadings on file, but in a
previous pleading filed on behalf of Miss Hardy and Mr. Everett, . . . but
these are the allegations in that petition just insofar as it concerns Mr.
Semands, the Intervenor, over there. . . . One, failing to maintain such
lookout as a person of ordinary prudence would have maintained. That's
paraphrasing. Failing to timely apply brakes in order to avoid the collision. 
Three, failing to apply brakes. Looks like a repetition. Failing to - first,
failing to timely apply, and second, failing to apply. Fourth, failing to keep
his vehicle under proper control. Fifth, driving in excess of what a person
of ordinary prudence would have done with reference to the rate of speed. 
Sixth, failing to stay in his lane of travel. Seven, failing to pay attention
when operating a vehicle. And eight, failing to take proper evasive action
so as to avoid this collision.


 The abandoned pleading was a document contained in the court's file. A court may
take judicial notice that a pleading has been filed in the cause. Tschirhart v. Tschirhart,
876 S.W.2d 507, 508 (Tex. App.--Austin 1994, no writ).

 Taking judicial notice that the pleading was filed is a separate issue from whether
the pleading was admissible. The appellants did not make a hearsay objection to the
superseded pleading. We might assume that the hearsay objection was understood, since
the trial judge asked the plaintiffs' counsel to tell him why the pleading would not be
admissible as an admission against interest. See Westchester Fire Ins. Co. v. Lowe, 888
S.W.2d 243, 252 (Tex. App.--Beaumont 1994, no writ) (opin. on reh'g). Hardy testified
that she did not know if she had alleged that Semands was negligent. On appeal, the
appellants cite Mendoza v. Fidelity and Guar. Ins. Underwriters, Inc., 606 S.W.2d 692,
694 (Tex. 1980), for the proposition that a statement must be clear and unequivocal in
order to be used against a party at trial. The statement against interest must be clear and
unequivocal in order to have the preclusive effect of a formal judicial admission. Id. In
the instant case, the trial court did not treat the abandoned pleading as a formal judicial
admission of conclusive effect, but expressly informed the jury that it could assign such
weight to the noticed pleaded as it felt appropriate. 

 Next, the appellants argue that the trial court erred in reading only that portion of
the abandoned pleading that referred to Semands. The trial court informed the appellants
that they could go into the allegations against Flores and K & K. Furthermore, there is
no material difference between the abandoned pleading and the live pleading as regards the
allegations against Flores and K & K. Any error in not reciting the entire pleading would
be harmless, considering the jury was informed of the allegations against Flores and K &
K, and the appellants were not precluded from establishing that those allegations were not
a recent development. See Tex. R. App. P. 44.1(a).

 Hardy and Everett also contend that the trial court erred in denying their motion to
sever. The motion to sever was filed after the verdict was rendered. Severance of
improperly joined parties must be had before the case is submitted to the jury. See Tex.
R. Civ. P. 41; State Dep't of Highways and Pub. Transp. v. Cotner, 845 S.W.2d 818, 819
(Tex. 1993). Although Hardy and Everett claim they raised the issue orally at some point
during the trial, they admit that no oral motion to sever appears in the record. The
appellees' response to the motion to sever acknowledges that an oral motion was raised and
denied by the trial court because the delay in requesting a severance prejudiced the
defense. Absent a record to the contrary, we assume the trial court acted within the
bounds of its discretion. See Simon v. York Crane & Rigging Co., Inc., 739 S.W.2d 793,
795 (Tex. 1987). Hardy's and Everett's Issues One and Two and the Semandses' Issues
One and Two are overruled.

 Issue Three for both sets of appellants contends the trial court erred in denying
appellants' motion to exclude the expert testimony of Dr. Mike James. James testified at
trial without objection, until he was asked whether he estimated the speed of Semands's
vehicle. The trial court sustained the Semandses' objection to lack of predicate. After the
question was rephrased, the Semandses objected that they were not provided with written
calculations at the time of James's deposition. James's report was provided to appellants,
but they claim that they were not provided with the underlying data. At trial, the
Semandses' counsel admitted he received seven pages of handwritten field notes. The trial
court sustained the objection to any new and unsupplemented material and limited James's
testimony to the matters James testified to in his deposition. The trial court instructed the
jury to disregard the testimony regarding matters which had not been timely provided
through supplemental discovery. As the appellants did not receive an adverse ruling, no
error is shown. See Tex. R. App. P. 33.1(a). 

 The appellants also argue that Dr. James's expert testimony did not meet the
threshold for admissibility under E.I. du Pont de Nemours and Co., Inc. v. Robinson, 923
S.W.2d 549, 557 (Tex. 1995). On voir dire, Dr. James detailed his professional
experience, the facts and data upon which he based his opinion, and the methodology that
he employed in estimating the speed of the vehicles involved in the collision. The
appellants argue that James failed to establish the reliability of the data underlying his
opinion because he ran a computer program without reducing the run to hard copy. Dr.
James testified, however, that he did not reduce the program results to writing because
there were several aspects of the case that the program could not take into account, and
that he therefore felt it would not give an accurate speed. 

 The Semandses' expert, Kelley Adamson, a former student and employee of Dr.
James's, faulted James for not referring to co-efficients for the friction value while the
pickup was braking, or to "crush to stiffness" values. Adamson noted that James had
surveyed the scene, measured the vehicles, measured the crush, and conducted a turn test. 
Adamson used James's data in his own calculations, but criticized James for stating that
Semands's speed was 70 to 80 miles per hour ("mph") without producing documents
where he mathematically calculated the speed of Semands's vehicle at impact. 

 Dr. James testified that he used Adamson's data in forming his opinion. James
testified that his calculation of Semands's speed of 60 mph at impact (5 mph higher than
Adamson's estimate) was based upon the computer program he ran, his knowledge of the
omissions in the program, and his judgment in crash testing. According to James, the
computer program did not take into account the additional energy required to bend the
buckling front end to the left or right. James also testified that the program did not
account for the rollover. Adamson agreed, but stated that the post-impact rollover could
be accounted for with hand calculations. 

 James and Adamson examined each other's data and formed their expert opinions
based upon that data. The men agreed on the methodology employed, and agreed that
factors present in the case required modification of the computer program both men used
in their work. James's failure to reduce some of his calculations to written form went to
the weight of his testimony, not its admissibility. See Onwuteaka v. Gill, 908 S.W.2d 276,
283 (Tex. App.--Houston [1st Dist.] 1995, no writ). We hold the trial court did not abuse
its discretion in overruling the objection to the expert's testimony. Issue Three is
overruled.

 Issue Four for both sets of appellants contends the jury's verdict as to liability was
based on factually insufficient evidence or was against the great weight and preponderance
of the evidence. We examine the entire record to determine if the jury's finding is so
contrary to the overwhelming weight and preponderance of the evidence as to be clearly
wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

 The appellants argue that the undisputed evidence established that Flores pulled out
in front of Semands. Semands collided with Hardy's vehicle after Semands swerved into
the left turn lane in order to avoid Flores's vehicle. He had not noticed that she was there. 
The appellees argue that the jury could have reasonably found that Flores did not act
negligently because he began his turn with sufficient time to complete it safely. In the
alternative, the appellees argue that the jury could have reasonably found that Flores was
not the proximate cause of the accident, because Semands realized Flores was going to turn
but left his foot on the accelerator because he did not expect Flores to come across. 

 Flores testified that the road was clear when he started his turn, and that once he
was on the cross-road Semands passed behind him. Semands testified that he was driving
70 mph in a 65 mph zone, and that he kicked off cruise control when the first dump truck
crossed the road, but that he placed his foot back on the accelerator until he noticed the
second truck, driven by Flores, inch forward. He saw the truck move forward and
realized Flores was going to cross the road, but he expected Flores to stop and therefore
made no attempt to slow down until Flores crossed the road while he was about 300 yards
away. Semands testified that he started moving into the left turn lane from 50 yards away.
Another motorist, Robert Johanson, testified that Flores had cleared some of the lanes by
the time Semands reached him. 

 There is evidence that Semands's vehicle was visible when Flores crossed. 
However, there is also evidence in the record that Flores had adequate time to cross the
road. There is also evidence that Semands was aware that Flores was crossing, but he
made no attempt to slow down. There is evidence from which the jury could have
determined that Flores acted reasonably prudently and that the accident was caused by
Semands's moving into Hardy's lane unnecessarily. While there is evidence of weight to
the contrary, that evidence does not greatly outweigh the evidence supporting the verdict. 
Issue Four is overruled. 

 Issue Five for both sets of appellants contends the trial court erred in failing to grant
appellants' motions for new trial. Neither set of appellants briefed the issue on appeal. 
As the motions for new trial present the issues raised generally in issues one through four,
all of which have been addressed elsewhere in this opinion and overruled, the trial court
did not err in failing to grant the motions for new trial. Issue Five is overruled. The
judgment of the trial court is affirmed.

 AFFIRMED.


 PER CURIAM



Submitted on September 6, 2001

Opinion Delivered October 25, 2001

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.